UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 89-cr-00294-MOORE/Turnoff

ABELARDO MUNERA-CADAVID,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant's Motion for Writ of *Audita Querela* pursuant to 28 U.S.C. § 1651. **[DE 154]**. This matter was referred to the undersigned by the Honorable K. Michael Moore, District Judge for the Southern District of Florida. **[DE 173]**. The Court has considered the Motion, the response **[DE 156]**, the reply **[DE 157]**, the record, the applicable law, and is otherwise duly advised in the premises.

### Background

On July 31, 1989, in case No. 88-582-CR-HOEVELER, Defendant Abelardo Munera-Cadavid was convicted by a jury on all counts in the indictment charging him with, *inter alia*, conspiracy to import 459 kilos of cocaine in violation of Title 21 U.S.C. § 963. He was sentenced to 262 months' imprisonment after he was found to be the leader/organizer in his offense. Subsequently, in case No. 89-294-CR-MOORE, Defendant was charged with

CASE NO.: 89-cr-00294-MOORE/Turnoff

conspiracy to import cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 963, 846. Defendant was found guilty on both counts after a jury trial and was sentenced to 405 months' imprisonment to run consecutively to his sentence in the 88-582 case.

Defendant appealed both sentences arguing, *inter alia*, that the court violated the sentencing guidelines and his constitutional rights when he was sentenced in the second case to 405 months to run consecutively to the 262 months imposed in the first case. The Eleventh Circuit affirmed. Thereafter, Defendant filed two motions to vacate his sentence under 28 U.S.C. § 2255, alleging that the imposition of consecutive sentences violated his 5th and 8th Amendment rights. Both motions were denied by the district court and upheld by the Eleventh Circuit on appeal.

In 2002, Defendant filed a motion to vacate his sentence and for re-sentencing under 18 U.S.C. § 3582(c)(2). The district court denied the motion. In May 2008, Defendant filed the instant *pro se* petition for a writ of *audita querela*.[1] Defendant argued that: (1) the sentences in both cases exceeded the maximum term of imprisonment under the

---

[1] The Motion became ripe in August 2008. There was no further activity in the docket until June 25, 2009, when Defendant filed a letter of inquiry as to the status of the motion. [DE 158]. Defendant filed a notice of inquiry on September 18, 2009. [DE 161]. Then, on October 1, 2009, Defendant filed a motion to appoint counsel [DE 163], which was denied. [DE 171]. On May 13, 2010, Defendant filed a Notice of Ripeness as to the writ [DE 172], which was referred to the undersigned. [DE 173].

CASE NO.: 89-cr-00294-MOORE/Turnoff

sentencing guidelines; (2) the court failed to consider the appropriate § 3553(a)(6) factors in determining the sentences; and (3) the sentences were improperly imposed under what became an invalid version of the sentencing guidelines pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant contended that this relief was unavailable to him until Booker was handed down in 2005, eight years after the limitations period to file a § 2255 motion had expired. As such, Defendant argued that the common law writ of *audita querela* is both the proper and only means available to him to seek relief as it would be unjust to prevent him from raising the issue at this time.

### Writ of *Audita Querela*

The exercise of the power to issue a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, is a matter within the sound discretion of the court. Paramount Film Distrib. Corp. v. Civic Center Theatre, Inc., 333 F.2d 358, 360 (10th Cir. 1964). "[I]f a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the [All Writs] Act, then such measures cannot be employed." ITT Cmty. Dev. Corp. v. Barton, 569 F.2d 1351, 1359 (5th Cir. 1978). "[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255."[2] Holt v.

---

[2]Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

CASE NO.: 89-cr-00294-MOORE/Turnoff

United States, 417 F.3d 1172, 1175 (11th Cir. 2005).

The authority of the district court to issue such writs is governed by United States v. Morgan, 346 U.S. 502 (1954). In Morgan, the Supreme Court held that a prisoner who was no longer in custody for purposes of 28 U.S.C. § 2255 could seek relief by petition for writ of error *coram nobis*, pursuant to the All Writs Act. 346 U.S. at 506-07. In so doing, "the Court found that 28 U.S.C. § 2255 was not enacted to provide the exclusive remedy for a prisoner to obtain postconviction *habeas corpus* relief in all circumstances." Holt, 417 F.3d at 1175. "The teaching of Morgan is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." Id. (quoting United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990)). In effect, "common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fills [sic] gaps in the system of federal post-conviction remedies." Morales v. Fla. Dept. Of Corr., 346 Fed. Appx. 539, 540 (11th Cir. 2009).

Here, Defendant seeks to attack his sentence collaterally based on the retroactive

---

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

CASE NO.: 89-cr-00294-MOORE/Turnoff

application of a Supreme Court case. Consequently, "the proper avenue of relief is § 2255." Holt, 417 F.3d at 1175. Because Defendant is proceeding *pro se*, and notwithstanding that Defendant expressly stated this was not a § 2255 motion, the Court "may liberally construe his *audita querela* motion as a § 2255 motion." Id. As noted *supra*, Defendant has previously filed motions to vacate under § 2255. However titled, the instant motion is, in effect, a successive motion to vacate pursuant to § 2255. The Eleventh Circuit has applied Holt to cases where the prisoner could only seek postconviction relief by filing a successive § 2255 petition. United States v. Arevalo, 368 Fed. Appx. 957, 958-59 (11th Cir. 2010); United States v. Davis, 352 Fed. Appx. 314, 316 (11th Cir. 2009). Accordingly, pursuant to Holt, Defendant's petition for writ of *audita querela* should be denied. Defendant must attack his conviction and sentence by way of a successive § 2255 petition.

In order to file a successive § 2255 motion, Defendant must obtain authorization from the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).[3] Morales, 346 Fed. Appx. at 540. Because Defendant has failed to obtain such authorization, this Court lacks

---

[3]Section 2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A)

CASE NO.: 89-cr-00294-MOORE/Turnoff

jurisdiction to consider Defendant's writ. Davis, 352 Fed. Appx. at 316; Arevalo, 368 Fed. Appx. at 959; Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Court notes that, in order to obtain authorization from the Eleventh Circuit, Defendant must establish one of the following pursuant to 28 U.S.C. § 2255(h)(1)-(2):

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). The first prong is inapplicable to this case. Defendant's argument is based on the second prong as he seeks retroactive application of Booker with respect to the sentencing guidelines. However, the Eleventh Circuit has held that Booker does not apply retroactively to § 2255 cases on collateral review. Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005) (holding that, based upon analysis of the Supreme Court decision in Schriro v. Summerlin, 542 U.S. 348 (2004), Booker does not apply retroactively to § 2255 cases on collateral review); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (holding that "[r]egardless of whether Booker established a 'new rule of constitutional law,' the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review").

CASE NO.: 89-cr-00294-MOORE/Turnoff

## Conclusion

Defendant's motion for writ of *audita querela* is, effectively, a successive § 2255 motion which requires authorization from the Court of Appeals. Because Defendant has failed to obtain the required authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider Defendant's request for relief. Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Motion for Writ of *Audita Querela* pursuant to 28 U.S.C. § 1651 **[DE 154]** be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 11 day of August 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. K. Michael Moore
Counsel of Record