UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 89-cr-00294-MOORE/Turnoff

ABELARDO MUNERA-CADAVID,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant's Notice of Appeal **[DE 179]**, pertaining to the appeal of the Order denying Defendant's *pro se* Petition for a Writ of *Audita Querela* **[DE 178]**. Defendant also filed a Petition for Leave of Court to Proceed on Appeal *In Forma Pauperis* **[DE 180]**, and an Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* **[DE 184]**. The Petition was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida. **[DE 181]**. The Court has considered Defendant's filings, the record, the applicable law, and is otherwise duly advised in the premises.

The Court has construed Defendant's Notice of Appeal **[DE 179]** as a motion for certificate of appealability pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). The District Court shall not issue a certificate of appealability unless it finds that, upon one or

CASE NO.: 89-cr-00294-MOORE/Turnoff

more specific issues, Defendant has made a substantial showing of the denial of a constitutional right. To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issue he seeks to raise. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000). The District Court is required to re-evaluate the claims presented, and if such a certificate is granted, it must state which specific issue or issues satisfy the required showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) and (3). A review of the record in this case reveals that no such showing has been made.

Defendant is attempting to appeal the denial of his petition for writ of *audita querela*. The undersigned issued a Report and Recommendation construing that petition as a successive motion to vacate under 28 U.S.C. § 2255, which required authorization from the Court of Appeals that Defendant had failed to obtain. Over Defendant's objections, Judge Moore adopted the Report and Recommendation and denied the petition. **[DE 178]**. The need for Defendant to obtain leave of court before filing a successive § 2255 petition is a procedural requirement that is not debatable among reasonable jurists. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (When a petition is dismissed on procedural grounds, no certificate of appealability should issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Thus, the Court will not issue a certificate of appealability here.

CASE NO.: 89-cr-00294-MOORE/Turnoff

The dismissal is without prejudice to Defendant's opportunity to re-file after obtaining leave to file a successive petition from the Eleventh Circuit Court of Appeals.

## Conclusion

Accordingly, the undersigned hereby **RECOMMENDS** that the Motion for certificate of appealability be **DENIED**, and, consequently, the Petition for Leave of Court to Proceed on Appeal *In Forma Pauperis* **[DE 180]** be **DENIED**, as the appeal is not taken in good faith.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144 (11th Cir. 1993); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 18 day of December 2010.

*[signature]*

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. K. Michael Moore
Counsel of Record